RIVERSIDE BANK v. TOTTEN.

(Supreme Court, General Term, First Department. November 13, 1891.)

TRANSFER OF CAUSE OF ACTION—SUBSTITUTION OF PARTIES AFTER JUDGMENT.
    Where the assignor of a note on which an action is pending in his name permits the action to proceed in his name, instead of causing the assignee to be substituted as plaintiff, as permitted by Code Civil Proc. N. Y. § 756, he cannot, after judgment rendered in favor of defendant for costs, procure the substitution of the assignee as plaintiff, though defendant stipulated before judgment that the attorneys of the assignee should be substituted in place of the attorneys of the assignor.

Appeal from special term, New York county.

Action by the Riverside Bank against John Totten on a promissory note. From an order denying a motion to substitute, as plaintiff in the action, one Christopher B. Keogh, to whom the note was assigned by plaintiff while the action was pending, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and DANIELS, J.

Daniel Seymour, (Henry Parsons, of counsel,) for appellant. Robert W. Gilbert, for respondent Totten. Myndert A. Vosburgh, for respondent Keogh.

DANIELS, J. The action was brought upon a promissory note to which the defendant, Totten, was a party. But during its pendency, and before the trial, an assignment was made of the cause of action to Christopher B. Keogh, and a stipulation for the substitution of his attorneys in place of the attorney for the bank. The assignment and stipulation were made on the 13th of February, 1889, and under the authority of the stipulation the attorneys of Keogh were substituted in the action in place of the attorney for the bank. But no change was made by which the assignee became the plaintiff in the action, but it has proceeded since the assignment in the name of the bank, the original plaintiff; and upon the trial which took place, in which Keogh was a party participant, the recovery in favor of the bank was for a sum less than $50; and the result was that the defendant in the action became entitled to recover his costs; and they were taxed, and a judgment entered for the balance over and above the recovery, amounting to the sum of $424.33. But it was not until the 4th of May, 1891, that any action was taken on the part of the bank for the purpose of substituting its assignee in the place of the bank as plaintiff in the action; and then the object of the motion was not merely a change in the party plaintiff by making Keogh

plaintiff in the action, but it was to substitute him as the plaintiff as of the 13th of February, 1889, and substantially, therefore, to change the judgment, instead of being a judgment against the bank, to be a judgment for this sum of money against Keogh. The Code of Civil Procedure, by section 756, has provided for the continuation of the action in the name of the assignor as a party after the assignment, where no proceeding shall be resorted to for the purpose of substituting the assignee in the place of the assignor. The proceeding, therefore, has been carried on under the authority of the law to the present time in the name of the plaintiff; and an appeal has been taken in its name from the judgment of the general term, affirming that recovered on the report of the referee, to the court of appeals. 11 N. Y. Supp. 519. To avoid the continuation of the action in this manner, as long as the assignee made no application to be substituted as plaintiff, the bank, if it desired to be relieved from its responsibility as a party, should have applied for this change in the course of the proceeding. It failed to do so, but permitted the proceeding to be continued precisely the same as though no assignment of the cause of action had taken place. And this was allowed to continue for a period of upwards of two years, clearly indicating the disposition of the bank to be to permit the litigation to proceed in its original form, notwithstanding this change which had taken place in its interest as a party, And by this acquiescence or delay on its part it has become legally liable to the defendant for the costs which have been recovered by the judgment; and this court has no authority, under the provision of the Code which has been mentioned, now to relieve it from that liability, against the consent of the defendant, by substituting the assignee in its place. Whether a substitution or change should be made is, under this section of the Code, discretionary. And so it was also held in *Getty* v. *Spaulding*, 58 N. Y. 636. And it would be a manifestly improper exercise of that discretion, if the court had the power to do so, to relieve the plaintiff from the liability to which it has become subjected as a consequence of its own delay and omission to act, by making the assignee the plaintiff in the action from or about the time when the assignment was made and delivered. Such an interposition on the part of the court, if it had the power to exercise the authority, would be transparently unjust; and, as the plaintiff has permitted this state of facts to arise by its own delay or omission to act, it is not now in a condition to complain of the results. The object of the motion was not to substitute the assignee as a party plaintiff from the time when it was made, but it was to relieve the plaintiff by a substitution from the liability which in this manner had been incurred; and that was rightly considered by the court to be improper, and it necessarily led to a denial of the motion. This denial seems to have been sanctioned by clear principles of justice, and it cannot be interfered with upon this appeal, but the order should be affirmed, with $10 costs and the disbursements.